**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: BABIN V. CRESCENT DRILLING & PRODUCTION, INC. ET AL.** | **CIVIL ACTION** |
| | **NO: 25-2048** |
| | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Markel International Insurance Co. Ltd.'s ("Markel") Motion to Partially Withdraw the Reference to Bankruptcy Court, or Alternatively to Sever the Non-Core Claims Against Markel, and to Stay Proceedings (Doc. 1). For the following reasons, Markel's Motion is **DENIED**.

## BACKGROUND

On June 8, 2023, an Involuntary Petition for relief under Chapter 11 of the Bankruptcy Code was filed against Martin Energy, LLC ("Debtor").[1] The bankruptcy proceeding was converted to one seeking relief under Chapter 7 of the Bankruptcy Code, and Plaintiff Wilbur J. "Bill" Babin, Jr. was appointed as trustee for the Debtor. On September 30, 2024, Plaintiff initiated an adversary proceeding against Defendants Crescent Drilling & Production, Inc. ("CDP") and Crescent Drilling Foreman, Inc. ("CDF").[2] On August 29, 2025,

---

[1] *See generally In re* Martin Energy, LLC, No. 23-br-10898 (Bankr. E.D. La.).
[2] *See generally* Babin v. Crescent Drilling & Prod., Inc., No. 24-ap-1028 (Bankr. E.D. La.).

Plaintiff filed his Second Amended and Restated Complaint, asserting additional claims against Defendants Markel and Lloyd's Syndicate 1036.[3]

At the time the bankruptcy proceeding began, the Debtor owned interests in, and was the designated operator for, two oil and gas wells ("the Wells"). Plaintiff alleges that, on June 21, 2021, the Debtor entered into a Master Service Agreement with CDP and CDF to operate the Wells on its behalf. Plaintiff asserts that CDP and CDF mismanaged or negligently operated the Wells, causing them to become non- or underproductive and requiring recompletion.[4] Plaintiff further alleges that the Debtor maintained its own insurance policy through Markel that covers the losses caused by CDP and CDF's mismanagement of the Wells. Plaintiff prays for judgment holding Markel liable to the Debtor's estate for those covered losses.

On October 1, 2025, Markel filed the instant Motion requesting withdrawal of the reference from the United States Bankruptcy Court of the Eastern District of Louisiana ("Bankruptcy Court"). Plaintiff opposes.[5] Two weeks later, Markel filed a Motion to Dismiss in the adversary proceeding, arguing that the Court lacked subject matter jurisdiction and that Plaintiff failed to state a claim for which relief can be granted. As of this Order, Markel's Motion to Dismiss is still pending before the Bankruptcy Court.

## **LEGAL STANDARD**

"Congress has provided that each district court may provide that any or all cases under the Bankruptcy Code and any or all proceedings arising under

---

[3] Plaintiff alleges that Lloyd's Syndicate 1036 was the liability insurer for CDP and CDF. The claims against Lloyd's Syndicate 1036 are not relevant here.

[4] Plaintiff also alleges that CDP and CDF maintained and improperly transferred the Debtor's funds.

[5] Doc. 3.

the Code or arising in or related to a case under the Code shall be referred to bankruptcy judges for the district. The Eastern District of Louisiana has so provided via Local Rule 83.4.1. Notwithstanding this automatic referral of claims to the bankruptcy court, the district court in some instances may withdraw this reference, taking away a case or proceeding from the bankruptcy court into the district court."[6]

A motion for withdrawal of an order of reference to the bankruptcy court is governed by 28 U.S.C. § 157(d), which provides for both permissive and mandatory withdrawal. It states that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.[7]

This case presents an issue of permissive withdrawal.[8] Although "cause shown" is not defined by statute, the Fifth Circuit has indicated that the district court should consider the following factors, known as the *Holland* factors,[9] in determining whether to order withdrawal of the reference:

> (1) whether the matter at issue is a core or a non-core proceeding, (2) whether the proceedings involve a jury demand, and (3) whether withdrawal would further the goals of (a) promoting uniformity in bankruptcy administration, (b) reducing forum shopping and confusion, (c) fostering the economical use of the

---

[6] *In re* Gulf States Long Term Acute Care of Covington, L.L.C., 455 B.R. 869, 873 (E.D. La. 2011).

[7] 28 U.S.C. § 157(d).

[8] *See id.* Doc. 1-1 at 3 ("Markel requests that the District Court withdraw the reference with respect to the adversary proceeding under the permissive withdrawal for cause.").

[9] *See* Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 998–99 (5th Cir. 1985).

debtor's and creditors' resources, and (d) expediting the bankruptcy process.[10]

The goals identified in the third *Holland* factor are collectively known as "considerations of judicial economy."[11]

## LAW AND ANALYSIS

In its Motion, Markel asks this Court for an order withdrawing the reference of the claims against it.[12] Applying the *Holland* factors, Markel argues that cause exists for partially withdrawing the reference from the Bankruptcy Court. Plaintiff opposes, arguing that withdrawal of the reference is premature until the Bankruptcy Court has determined whether the claims against Markel are core or non-core and has decided all pretrial matters. The Court will consider the *Holland* factors in turn.

### I.    Core v. Non-Core Proceeding

Markel argues that any claims against it are non-core, but in the event the Court determines the claims are core, the Bankruptcy Court would lack jurisdiction to enter final judgment on said claims. Plaintiff does not address whether the claims against Markel are core or non-core but argues that withdrawal of reference is premature until the Bankruptcy Court makes such a determination.

"Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11,

---

[10]  *In re Gulf States Long Term Acute Care*, 455 B.R. at 874 (citing *Holland Am. Ins. Co.*, 777 F.2d at 998).

[11] *Holland Am. Ins. Co.*, 777 F.2d at 999.

[12] Although Markel also asks to stay the adversary proceeding pending this Court's decision on the instant Motion, this request appears to be directed at the Bankruptcy Court. Doc. 1-1 at 10 ("Markel further requests that the Bankruptcy Court stay proceedings . . . pending final disposition of the instant motion . . . ."). In any event, Markel's request for a stay is rendered moot by the issuance of this Order and Reasons.

referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review" by the district court.[13] For non-core proceedings, bankruptcy judges are permitted to "function much like magistrates as adjuncts to the district court."[14] "It is the bankruptcy court's responsibility to determine whether each claim is core or non-core."[15] However, "there are some claims that may be statutorily designated as 'core,' on which the bankruptcy court cannot enter final orders due to constitutional limitations on the bankruptcy court's jurisdiction."[16] These claims, also known as "*Stern* claims*,*" may proceed "as non-core [claims] within the meaning of § 157(c)," permitting the  bankruptcy court to "issue proposed findings of fact and conclusions of law to be reviewed *de novo* by the district court."[17]

The Bankruptcy Court has not yet determined whether Plaintiff's claims are core or non-core, but even assuming Plaintiff's claims are non-core, the Bankruptcy Court may issue findings of fact and conclusions of law that this Court can review *de novo*.[18] "The [B]ankruptcy [C]ourt has greater familiarity with both this case and bankruptcy law generally. If and when this Court does make a ruling on the issue, it will benefit from the bankruptcy judge's opinion about the core versus non-core determination."[19] Accordingly, "this Court need not decide at this stage of the litigation exactly which claims are core or

---

[13] 28 U.S.C. § 157(b)(1).

[14] *Holland Am. Ins. Co.*, 777 F.2d at 999.

[15] Exec. Benefits Ins. Agency v. Arkison, 573 U.S. 25, 33 (2014) (citing 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11.")).

[16] Schott v. Massengale, 618 B.R. 444, 449 (M.D. La. 2020) (citing Stern v. Marshall, 564 U.S. 462, 482 (2011)).

[17] *Arkison*, 573 U.S. at 28, 36.

[18] Post Confirmation Bd. of Wadleigh Energy Group, Inc. v. Wadleigh, 516 B.R. 850, 855 (E.D. La. 2014).

[19] *Id.* at 855 n.32.

non-core."[20] "As the Bankruptcy Court can issue proposed findings of fact and conclusions of law on [any] non-core matters, the Court concludes that this factor is neutral regarding withdrawing the reference."[21]

## II. Markel's Jury Demand & Considerations of Judicial Economy

Turning to the other *Holland* factors, Markel maintains that it is entitled to a jury trial as to the claims against it, and thus, withdrawal is appropriate. Markel further argues that judicial economy is served by withdrawing the reference at "this early stage" in the adversary proceeding.[22] Plaintiff does not appear to dispute that Markel is entitled to a jury trial in this Court should one become necessary. Instead, Plaintiff contends withdrawal is premature and requests that all pre-trial matters be conducted before the Bankruptcy Court in the interest of judicial economy.

Multiple courts, including other sections of court in this District, have found that a motion to withdraw is premature until such time as it is determined that a jury trial *must* be conducted.[23] Indeed, "[u]ntil that time, it may better serve judicial economy . . . for the bankruptcy court to resolve pre-trial matters."[24] "Under the circumstances, the Court need not decide whether a jury trial is proper, but may deny the motion to withdraw the reference until such time as it becomes clear that a jury trial, if available, is necessary."[25]

Here, it is not yet clear that a jury trial involving Markel will be necessary because Markel's Motion to Dismiss is currently pending before the

---

[20] *Id.* at 855.
[21] Schott v. Massengale, 618 B.R. 444, 449 (M.D. La. 2020).
[22] Doc. 1-1 at 7.
[23] *In re Gulf States Long Term Acute Care*, 455 B.R. at 874 (citing *Holland Am. Ins. Co.*, 777 F.2d at 998); *Wadleigh*, 516 B.R. at 853.
[24] *In re OCA, Inc.*, No. 06-3811, 2006 WL 4029578, at *5 (E.D. La. Sept. 19, 2006).
[25] *Id.*

Bankruptcy Court. The Court could benefit from the Bankruptcy Court's considerable expertise in resolving Markel's Motion to Dismiss because it "is familiar with the parties, the factual background, and the legal issues involved."[26] Thus, "the goals of judicial efficiency and economical use of the estate's resources are best met by allowing the suit to remain in the [B]ankruptcy [C]ourt" until the matter is ready to proceed to trial.[27] Accordingly, the Court finds that the reference should be maintained at this time.

## CONCLUSION

For the foregoing reasons, Markel's Motion is **DENIED**. If it becomes clear that a jury trial must be conducted, Markel may re-urge its Motion.

New Orleans, Louisiana this 22nd day of April, 2026.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[26] *Schott*, 618 B.R at 450 (quoting *In re* Royce Homes, LP, 578 B.R. 748, 762 (S.D. Tex. 2017)).
[27] *Id.* (quoting *In re Royce Homes, LP*, 578 B.R. at 762).